## In the Court of Common Pleas, No. 4, of Philadelphia.

## IN RE. APPLICATION FOR THE INCORPORATION OF "THE ENTERPRISE MUTUAL BENEFICIAL ASSOCIATION."

1. It must appear by petition or affidavit that at least three signers of articles of incorporation are citizens of Pennsylvania.

2. The articles must show the place where the business is to be transacted ; the location of its office is not sufficient.

3. Notices of application for charter must be published in the *Legal Intelligencer* and two general newspapers.

4. Such notice should specify particularly the time and place of such intended application.

Opinion delivered February 20th, 1875, by

LUDLOW, P. J. Articles of incorporation of the first class were

presented to one of the judges of this court under the Act of Assembly of 29th April, 1874, for approval. We are obliged for the present to withhold our endorsement for the following reasons :

1. It does not appear that of the five persons who have subscribed, *three* are *citizens of this Commonwealth*. The act of Assembly (sec. 3), is imperative, and the fact should appear by petition for the intended charter, or by an affidavit added to it. How, in the instance before us, can we know that the persons subscribing are not citizens of another State or foreigners ?

2. In the paper before us, Article III. reads thus: "The place where its office is to be located is in the city of Philadelphia."

The act of Assembly requires "the place or places where its business is to be transacted, to be designated. The intended charter is defective, in that it specifies no "place" of business within the meaning of the act. An *office* may be located in one city, and the real "place of business" may be in another Commonwealth. We must be satisfied upon this point that the Act of Assembly has been substantially followed before we endorse and approve any charter.

3d. The Act of Assembly requires notice of an application for a charter to be published in "two newspapers of general circulation." The notice in this case has been published in one newspaper of general circulation, and in the *Legal Intelligencer*.

The evident object of this requirement is to give notice to the general public of applications, which are matters of general concern, and to give as wide circulation as is consistant with a due regard to expense, it is confined to two newspapers of general circulation.

The publication in the *Legal Intelligencer*, under the Act of 1855, is for another purpose, equally important, to wit: to provide one convenient medium in which *members of the Bar* and others interested in any proceedings in the courts, may look for LEGAL NOTICES with certainty. These notices should, therefore, be published in two newspapers of general circulation, as well as the *Legal Intelligencer*.

Again, the notice in this case does not specify the time or place, when and where the application will be made.

The act does not seem to contemplate a hearing in court, but before any judge at chambers. The notice, should, we think, be so complete, as to enable parties interested, and desiring to object, to do so, without inquiring of every one of the twelve judges of the several Courts of Common Pleas.

Approval, for the present, of this charter, must be declined.